UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
03-CR-90(JMR/FLN)
06-CV-1011 (JMR)

| | |
|---|---|
| United States of America ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| James Naiden ) | |

Defendant petitions the Court for relief under 28 U.S.C. § 2255. His petition is denied.

I. Background

Petitioner was charged in a two-count indictment with using the internet and mail in attempting to induce a child to travel in interstate commerce for unlawful sexual activity, and attempting to entice a child to engage in unlawful sexual activity, in violation of 18 U.S.C. §§ 2422(a) and(b). On February 25, 2004, a jury convicted petitioner on both counts, and on September 16, 2004, the Court sentenced him to 54 months imprisonment. On October 4, 2005, the Eighth Circuit Court of Appeals affirmed his conviction and sentence on direct appeal. United States v. Naiden, 424 F.3d 718 (2005).

Petitioner now claims ineffective assistance of counsel. He first asserts that his attorney failed to argue and seek a jury instruction claiming his illegal conduct was induced by a government agent who posed as a minor. Secondly, he claims his attorney failed to seek jury instructions defining the terms

"induce, entice, coerce, or persuade." Lastly, he claims his attorney failed to challenge the sufficiency of the evidence used to support the conviction. His petition fails on all counts.

II. Discussion

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail, a petitioner must show: first, "that counsel's representation fell below an objective standard of reasonableness," id. at 688; and second, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

A. Counsel's Representation Was Effective

Petitioner has failed to show any instance of ineffective representation. He claims his attorney should have advanced a different defense theory; namely, that he was induced by the government agent to engage in unlawful activity. The trial record belies this thesis. There was a great deal of evidence showing petitioner's efforts to induce and entice the government agent he believed to be a 14-year-old girl. It was petitioner who initiated the discussions of sex, and sought to entice "her" to come to Minneapolis.

An attorney's strategic trial decisions are not ineffective simply because they were ultimately unsuccessful. James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996). Counsel argued that the

2

government failed to prove petitioner believed the person he was inducing was in fact a minor. The theory was premised on other evidence showing petitioner's prior efforts to induce a different adult female who held herself out as a minor. Defense counsel also argued that the government failed to prove that petitioner attempted to persuade, induce, or entice a minor. The Court finds no ineffective representation in an attorney's decision to advance a defense theory for which there was at least some evidentiary support.

Petitioner also claims his attorney failed to request a jury instruction defining the statutory terms of entice, induce, and persuade. "Statutory words are uniformly presumed, unless the contrary appears, to be used in their ordinary and usual sense with the meaning commonly attributed to them." Batsell v. United States, 403 F.2d 395, 400 (8th Cir. 1968). The Court finds no ambiguity in the terms petitioner now claims were undefined. Given the presumption of ordinary meaning, petitioner has failed to show how defense counsel erred by not requesting an instruction telling the jury to apply the ordinary meaning of words.

Petitioner finally claims his counsel erred in failing to raise the issue of sufficiency of the evidence either by post-conviction motion or on direct appeal. A court may overturn a jury's verdict only if no reasonable jury could have convicted based on the evidence viewed in the light most favorable to the

jury's verdict. <u>United States v. Cole</u>, 380 F.3d 422, 425 (8th Cir. 2004). Here, the Court easily finds the evidence at trial sufficient to support the conviction. Counsel has no duty to raise meritless claims, and it is not unreasonable for an attorney to decline to argue such claims. <u>See</u> <u>Dyer v. United States</u>, 23 F.3d 1424, 1426 (8th Cir. 1994). The record shows that defense counsel made motions pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Those motions were denied.

For these reasons, the Court finds petitioner was ably represented by counsel. Petitioner has entirely failed to show any objective evidence of ineffective assistance of counsel.

B.  <u>Petitioner Was Not Prejudiced</u>

Even had petitioner's attorney performed unreasonably, petitioner is unable to show any prejudice; his newly-claimed defense theory is unsupported by the record. He has failed to show that, had his new theory been presented to the jury, it would have resulted in an acquittal. Likewise, there is no showing whatsoever that instructing the jury on the meaning of self-evident terms would have affected the jury's verdict. The appeal issue petitioner claims his counsel should have raised would have been futile because it would have been properly denied. As an ineffective assistance of counsel claim cannot be based on a failure to raise losing arguments, petitioner's claim fails. <u>See</u> <u>Clemons v. Armontrout</u>, 921 F.2d 187, 191 (8th Cir. 1990).

III. <u>Certificate of Appealability</u>

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See <u>Tiedeman v. Benson</u>, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." <u>Flieger v. Delo</u>, 16 F.3d 878, 883 (8th Cir. 1994) (citing <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

IV. <u>Conclusion</u>

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 89] is denied.

2. No Certificate of Appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  October 13th, 2006

                                             s/ James M. Rosenbaum
                                            JAMES M. ROSENBAUM
                                            United States Chief District Judge